**FILED**

NF,

APR 0 5 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSHUA HUMES;** | ) |
| | ) |
| **Plaintiff,** | )   07CV1879 |
| | )   JUDGE GOTTSCHALL |
| **vs.** | )   MAGISTRATE JUDGE BROWN |
| | ) |
| **CITY OF CHICAGO, a Municipal** | ) |
| **Corporation; and** | ) |
| **Chicago Police Officer** | ) |
| **MATTHEW O'BRIEN, star 10634;** | ) |
| **JEFFREY COLLADO, star 19285;** | )   **Jury Demand** |
| **ANNE GORNEY, star 3380;** | ) |
| **KATHERINE GLOMBICKI, star 6620;** | ) |
| **SEAN CROTTY, star 4923; and** | ) |
| **FRANK KALAT, star 12364,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.    Plaintiff is a citizen of the United States, and a resident of the city of Chicago.

5.    Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.    The Defendant-Officers are sued in their individual capacities.

-1-

7.     The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## FACTS

8.     On or about June 5, 2005, Plaintiff was involved in an automobile accident at or about 117th and Wentworth Avenue in the city of Chicago.

9.     Shortly after the accident, Defendant-Officers responded to the scene.

10.    Upon arriving at the scene, Defendant MATHEW OBRIEN told Plaintiff that he would have to move his van.

11.    Plaintiff told OBRIEN that he cannot move his van since it was totaled in the accident.

12.    OBRIEN once again told Plaintiff HUMES that he had to move his van.

13.    Plaintiff responded by saying, "whatever man," and turned to walk away from OBRIEN.

14.    At this point, OBRIEN ran at the Plaintiff, pushed him into a parked car, and began to punch Plaintiff in the head.

15.    Plaintiff was then wrestled to the ground by OBRIEN, Defendant JEFFREY CALLADO, and other unknown Defendant-Officers.

16.    Once Plaintiff was on the ground, he was handcuffed by Defendant OBRIEN.

17.    While still in handcuffs, the Plaintiff was maced and was kicked in the head by one of the unknown Defendant-Officers (female officer).

18.    Plaintiff was then placed in the squadrol and taken to the police station.

19.    The Plaintiff was charged with misdemeanor assault to a police officer and two counts of resting arrest, in the case of People v. Joshua Humes, Cook County Circuit Court, case no.: 05 MC1 240811.

20.    The first court date was August 12, 2005. At that time, the case was dismissed.

21.    As a direct and proximate result of the acts of the Defendant described above, Plaintiff JOSHUA HUMES has suffered and continues to suffer damages including loss of his physical liberty, pain and suffering, emotional distress, and other nonpecuniary losses.

-2-

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

22.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23.     The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

24.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

25.     The actions of Defendant-Officers in striking, punching, hitting, kicking, beating and macing Plaintiff violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

26.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

27.     While Plaintiff was subjected to the excessive force described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

28.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force, in violation of the Fourth Amendment, as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers;

b)     Award Plaintiff compensatory and punitive damages, as determined at trial;

c)     Award Plaintiff attorney's fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

29.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

30.     At all times material to this Complaint, there existed in the city of Chicago the following practices, policies and customs:

a.     stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b.     arbitrary use of excessive force against suspects, arrestees, detainees and other civilians;

c.     denying medical care to arrestees, including those who have been beaten by police officers;

d.     denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

-4-

e.   mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

f.   preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

g.   filing false charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability;

h.   a *code of silence* in which police officers fail to report police misconduct;

i.   said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

j.   failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above;

k.   failure to adequately investigate citizen complaints against police officers;

l.   failure to adequately discipline police officers for misconduct;

m.   through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct;

31.   The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

32.   One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the CITY OF CHICAGO has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the CITY OF CHICAGO has delegated *de facto* final

-5-

policy-making authority for the Chicago Police Department regarding the matters complained of herein).

33.     The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF CHICAGO.

34.     The municipal policy-makers of the CITY OF CHICAGO acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

35.     By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against the CITY OF CHICAGO;

b)     Award Plaintiff compensatory damages, as determined at trial;

c)     Award Plaintiff attorney's fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

36.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

37.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment.

38.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF

-6-

CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595